PER CURIAM.
The defendants in a suit to quiet title have appealed from a supplementary final decree entered by the Circuit Court for Leon County, .declaring the title to certain lands to be in the plaintiffs.
The ultimate question presented for our determination in this appeal is whether that court abused its discretion in entering the said decree.
The land in controversy lies on the east side of a certain fence on the described premises. The plaintiffs claim the said land by virtue of adverse possession, together with the operation of various statutes of limitation and repose, and superior title otherwise, while the defendants claim record title arising out of a deed dated in 1860 and recorded in 1870, and also claim adverse possession and superior title otherwise.
It would serve no useful purpose and would unnecessarily extend this opinion if we were to set forth here the evidence (four volumes of the transcript of testimony and numerous exhibits) which formed the basis for the chancellor’s conclusions incorporated in his supplementary final decree. As an example of the difficult problems which the chancellor had to resolve in reaching his conclusions, he had to determine the intention of the parties in executing the deed mentioned above more than a century ago.
Since a suit to quiet title is a cause cognizable in equity, the chancellor sat as the trier of the facts, and this appellate court is not authorized to substitute our judgment for his on factual questions.
In this appeal the appellants have the burden of demonstrating that the chancellor clearly abused his judicial discretion in entering the said decree. We cannot find from the record before us that he abused his discretion, so the supplementary final decree appealed from herein must be and it is
Affirmed.
WIGGINTON, C. J., CARROLL, DONALD K., and RAWLS, JJ., concur.